NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-554


STATE OF LOUISIANA

VERSUS

JARVIS JOSEPH JOUBERT

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81536
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Oswald A. Decuir, Billy H. Ezell, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.


Asa Allen Skinner
District Attorney
Post Office Box 1188
Leesville, Louisiana  71496-1188
(337) 239-2008
Counsel for Appellee:
        State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
    **Jarvis Joseph Joubert**

**Jarvis Joseph Joubert**
**#591981**
**Avoyelles Marksville Detention Center**
**675 Government Street**
**Marksville, Louisiana  71351-2945**

**KEATY, Judge.**

Defendant, Jarvis Joseph Joubert, was charged by bill of information with armed robbery involving the use of a firearm, a violation of La.R.S. 14:64 and La.R.S. 14:64.3. Defendant entered a plea of not guilty. The bill was later amended to delete the portion of the charge that alleged Defendant had used a firearm in the commission of the armed robbery. On that same date, Defendant changed his plea from not guilty to guilty of the responsive verdict of first degree robbery, a violation of La.R.S. 14:64.1. The parties agreed to a sentencing cap of fifteen years. The trial court sentenced Defendant to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider his sentence on grounds of excessiveness. The trial court denied the motion without a hearing.

Defendant filed a motion for appeal on February 27, 2012, and an order allowing the appeal was signed on February 28, 2012. Appellate counsel has filed a brief in this matter pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. For the following reasons, we affirm Defendant's conviction and sentence and grant counsel's motion to withdraw.

## DISCUSSION

### Facts

According to the factual basis read at the guilty plea hearing, Defendant, along with another man, committed an armed robbery at the Apache Rose Tattoo Parlor in Leesville, Louisiana, on Christmas Day of 2010. While Defendant watched the door, the other man, who was armed with a handgun, ordered the store's employees and patrons to the floor. While Defendant stood guard, the other man collected cash from the store's owner, along with a purse from one patron and

a cell phone from another. The two robbers left the area in a car and shared the money taken during the robbery.

## Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.[1]

## *Anders* Analysis

Pursuant to *Anders* and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief indicating his review of the record showed no non-frivolous issues existed for appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 331 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

---

[1]The minute entry dated November 30, 2011, reflects that the bill was amended to first degree robbery and that Defendant pled to the amended charge. The *Boykin* transcript indicates the State orally amended the bill to armed robbery, a violation of La.R.S. 14:64 (which is also indicated on the bill of information), and Defendant pled guilty to the lesser included offense of first degree robbery, a violation of La.R.S. 14:64.1.

It is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit." *Jyles*, 704 So.2d at 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983)). Nevertheless, counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Id.* (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *U.S. v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242 (quoting *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176).

Appellate counsel's brief states he conducted "a conscientious review of the record" and found no non-frivolous errors to assert on appeal. Counsel stated the procedural history of Defendant's charge, original plea, plea and plea agreement, and sentencing. He noted that Defendant was properly advised of his *Boykin* rights prior to making his guilty plea and that the sentence was within the agreed-upon cap. Counsel concluded that no non-frivolous issues exist for appeal. Defendant was afforded an opportunity to file his own brief, but did not do so.

Pursuant to *Anders* and *Benjamin*, we have performed our own thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was

3

present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on his plea form after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

Defendant could be sentenced for first degree robbery from three to forty years without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64.1. At sentencing, the trial court reviewed the factors of La.Code Crim.P. art. 894.1 and found that: harm was done to the victims; no substantial grounds existed to excuse or justify Defendant's criminal conduct; Defendant was twenty years old, single, with two children, in good health, and has a high school education; Defendant admitted to using marijuana, cocaine, and alcohol but has not received treatment; and Defendant had one prior misdemeanor conviction for theft and was placed on probation but the probation was subsequently revoked. The trial court sentenced Defendant to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, the maximum he could receive according to the agreed-upon sentencing cap.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This article applies to "plea agreements involving both specific sentences and sentencing caps." *State v. Young*, 96-195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174. Thus, Defendant may not appeal his sentence.

Defendant has not come forward with assignments of error for our consideration, and our independent review of the record has revealed no issues that would support an assignment of error on appeal. Therefore, we will grant appellate counsel's motion to withdraw.

4

**DECREE**

Defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.